UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ROBERT J. CHUBB,

        Plaintiff,                      Case No. 1:09-cv-501

v.                                                 Honorable Robert J. Jonker

MICHIGAN DEPARTMENT
OF CORRECTIONS et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has been directed to pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.  Factual allegations

Plaintiff Robert J. Chubb presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Boyer Road Correctional Facility (OTF). He sues the MDOC, Director Patricia Caruso and Assistant Deputy Director J. Armstrong, together with the following OTF employees: Warden Blaine Lafler; Deputy Wardens L. Trierweiler and L. Gidley; Assistant Deputy Warden L. Krick; Inspector James McMillan; Resident Unit Manager (RUM) C. Miller; and Hobby Craft Director D. Smith.

In his complaints,[1] Plaintiff alleges that he was transferred from the Muskegon Temporary Facility to OTF on March 27, 2007. When Plaintiff arrived at OTF, his hobby-craft materials were forwarded to Defendant Smith for inspection. According to Plaintiff, thirty-one items of his personal property were confiscated at that time. On April 16, 2007, a notice of intent to conduct an administrative hearing was issued. The hearing was held on May 4, 2007, with Defendant RUM Miller presiding. At the hearing, Plaintiff offered receipts for all of the property in question along with purchase approvals that had been stamped and approved on the ordering invoices. Plaintiff also offered a state-court order that allegedly permitted him to possess the property in question. RUM Miller allegedly told Plaintiff, "We don't care about no Court Orders around here." (Compl., ¶15.) Plaintiff's confiscated property was not returned. Plaintiff sent two

---

[1]On June 18, 2009, the Court directed Plaintiff to file an amended complaint on the form, as required by W.D. MICH. LCIVR 5.6(a). In his original complaint, Plaintiff included numerous factual allegations regarding the conduct underlying his complaint. In his amended complaint, in contrast, Plaintiff includes only three highly conclusory legal claims, unsupported by specific facts. For purposes of this opinion, the Court assumes that Plaintiff misunderstood the directions contained on the form complaint and failed to comprehend that his amended complaint must contain all of the factual allegations he intends to raise. In determining the sufficiency of Plaintiff's complaint, therefore, the Court has considered all the factual allegations contained in the original and the amended complaints. The Court, however, will address only those legal claims set forth in the amended complaint.

letters to Defendant Inspector McMillan, appealing Miller's decision. McMillan inspected the property but did not overturn the grievance.

On May 15, 2007, Plaintiff filed an administrative grievance. The grievance was denied by Defendant Krick on the grounds that no policy had been violated. Plaintiff appealed to Step II, which was denied by Defendant Trierweiler on June 12, 2007. On February 11, 2008, Defendant Armstrong upheld the decision at Step III.

On May 27, 2007, Plaintiff filed a second grievance, in which he alleged that Defendant McMillan had wrongfully failed to intervene in the confiscation of his property. Defendant Krick denied the grievance at Step I on August 9, 2007, finding no violation of policy. At Step II, Defendant Trierweiler upheld Krick's decision. On February 11, 2008, Defendant Armstrong denied Plaintiff's Step III grievance.

Plaintiff wrote a letter to Defendant Warden Lafler on December 21, 2007, seeking his assistance in obtaining the materials. The warden upheld all prior decisions on April 22, 2008. Thereafter, Plaintiff sent a letter to Judge Giddings, asking him to enforce unspecified court orders. Judge Giddings forwarded the letter to Deputy Attorney General Peter Govorchin and to Sandra Girard of Prison Legal Services. Plaintiff filed a criminal complaint with the Michigan State Police on November 2, 2007. He has not received a response.

In Count One of his complaint, Plaintiff alleges that Defendant Smith unlawfully confiscated his property without due process of law because, Plaintiff contends, he was entitled to possess the property under MICH. DEP'T OF CORR., Policy Directive 05.03.102. In Count Two, Plaintiff argues that Defendants Smith and Miller converted his property to their own use, in violation of MICH. DEP'T OF CORR., Policy Directive 04.02.130. In Count Three, Plaintiff asserts

that the remaining Defendants breached their professional duties to intervene and conspired to deprive Plaintiff of his property. Plaintiff seeks injunctive relief and damages in excess of $75,000 for financial loss and mental anguish.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. MDOC

Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing

*Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Michigan Department of Corrections.

### B. Defendants Caruso, Lafler, Trierweiler, Gidley, Krick, McMillan & Armstrong

Plaintiff claims that Defendants Caruso, Lafler, Trierweiler, Gidley, Krick, McMillan and Armstrong breached their duty to intervene in the confiscation of his hobby materials or they conspired to perpetuate a constitutional deprivation by Defendants Smith and Miller. Plaintiff's allegations are insufficient to state a claim against these Defendants.

First, Plaintiff fails to make specific factual allegations against Defendants Caruso, Lafler, Trierweiler, Gidley, Krick, McMillan and Armstrong, other than his claim that they breached their duties by failing to adequately respond to his grievances and letters. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the

Constitution." *Ashcroft*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Caruso, Lafler, Trierweiler, Gidley, Krick, McMillan and Armstrong engaged in any active unconstitutional behavior.

Second, Plaintiff's claim that Defendants "conspired" is wholly conclusory. To state a claim for conspiracy, a plaintiff must plead with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombley*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that create a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Smith v. Rose*, 760 F.2d 102,106 (6th Cir. 1985); *Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140 at *1 (6th Cir. Oct. 30, 1996). A plaintiff's allegations must show (1) the existence or execution of the claimed conspiracy, (2) overt acts relating to the promotion of the conspiracy, (3) a link between the alleged conspirators, and (4) an agreement by the conspirators to commit an act depriving plaintiff of a federal right. *Lepley v. Dresser*, 681 F.Supp. 418, 422 (W.D. Mich. 1988). "[V]ague allegations of a wide-ranging conspiracy are wholly conclusory and are, therefore, insufficient to state a claim." *Hartsfield v. Mayer*, No. 95-1411, 1196 WL 43541, at *3 (6th Cir. Feb. 1, 1996). A simple allegation that defendants conspired to cover up wrongful actions is too conclusory and too speculative to state a claim of conspiracy. *Birrell v. State of Mich.,* No. 94-2456, 1995 WL 355662, at *2 (6th Cir. June 13, 1995). Plaintiff's allegations of conspiracy are vague, conclusory and speculative. Plaintiff therefore fails to state a claim against Defendants Caruso, Lafler, Trierweiler, Gidley, Krick, McMillan and Armstrong.

### C. Defendants Smith and Miller

Plaintiff alleges that Defendant Smith deprived him of his hobby-craft materials in violation of his right to due process. Plaintiff's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in other part by Daniels v. Williams*, 474 U.S. 327 (1986).[2] Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MICH. DEP'T OF CORR., Policy Directive 04.07.112, ¶ B (effective Nov. 15, 2004). Aggrieved prisoners may also submit claims for property

---

[2]The Court notes that the *Parratt* case, like the instant case, involved a prisoner's allegations that he had been deprived of his hobby materials without due process. *Parratt*, 451 U.S. at 530.

loss of less than $1,000 to the State Administrative Board. MICH. COMP. LAWS § 600.6419; Policy Directive, 04.07.112, ¶ B. Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a). The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property. He therefore fails to state a due process claim.

Plaintiff also alleges that Defendant Smith deprived him of his hobby-craft materials in violation of MICH. DEP'T OF CORR., Policy Directive 05.03.102. Similarly, in his second ground for relief, Plaintiff alleges that Defendants Smith and Miller converted his personal property to their own use, ostensibly in violation of MICH. DEP'T OF CORR., Policy Directive 04.02.130. A defendant's alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.

Moreover, to the extent that Plaintiff's complaint presents claims under state law, this Court declines to exercise jurisdiction. "Where a district court has exercised jurisdiction over a state

law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits." *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998) (citing *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)); *see also Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:     July 15, 2009                     /s/ Robert J. Jonker
                                             ROBERT J. JONKER
                                             UNITED STATES DISTRICT JUDGE